UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD DECRISTOFARO, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:05CV526-DJS |
| | ) | |
| THE MAY DEPARTMENT STORES COMPANY, JOHN L. DUNHAM, JOYCE M. ROCHE, JAMES M. KILTS, MARSHA JOHNSON EVANS, R. DEAN WOLFE, MICHAEL R. QUINLAN, HELENE L. KAPLAN, RUSSELL E. PALMER, EDWARD E. WHITACRE, JR. and WILLIAM P. STIRITZ, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On February 28, 2005, defendant May Department Stores Company (May) and Federated Department Stores, Inc. (Federated) issued a joint press release announcing a merger agreement by which Federated would acquire May. Under the terms of the merger agreement, each shareholder of May common stock will receive $17.75 and 0.3115 shares of Federated stock per share of May common stock. Plaintiff Edward Decristofaro, on his own behalf and on behalf of an unnamed class of other May common stock shareholders, subsequently brought this action against May and individual officers and directors of May in the Circuit Court of St. Louis City, Missouri.

Plaintiff alleges that defendants have breached their fiduciary duties in failing to obtain the highest reasonably

available price for May common stock. Defendants removed this action and filed a motion to dismiss arguing that plaintiff's state law claim is preempted by the Securities Litigation Uniform Standards Act of 1998 (SLUSA). In response, plaintiff has filed motion to remand. Both motions are now fully briefed.

## Discussion

The Private Securities Litigation Reform Act of 1995 (PSLRA) "enacted procedural reforms to enable district courts to weed out meritless class actions alleging fraud in the purchase and sale of securities." Dudek v. Prudential Securities, Inc., 295 F.3d 875, 877 (8th Cir. 2002). This legislation drove "many would-be plaintiffs to file their claims in state court, based on state law, in order to circumvent the strong requirements established by the statute." Id. (citation omitted). Congress responded by enacting SLUSA to "prevent plaintiffs from seeking to evade the protections that federal law provides against abuse litigation by filing suit in State, rather than federal, courts." Id.

To accomplish this goal, SLUSA provides that "[a]ny covered class action brought in any State court involving a covered security . . . shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." 15 U.S.C. §77p(c).[1] Subsection (b) provides:

---

[1] SLUSA amended both the Securities Act of 1933 and the Securities Exchange Act of 1934. The amendments to the 1933 Act are codified in 15 U.S.C. §77p(b) & (c), while the amendments to the 1934 Act are codified in 15 U.S.C. §78bb(f)(1) & (2). For purposes of this order, the Court will quote and cite only to

2

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--
>
>> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>>
>> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. §77p(b). Here, plaintiff filed a class action petition in Missouri state court alleging that defendants violated Delaware law, the state in which May is incorporated, by failing to disclose "private corporate information concerning [May's] assets, business and future prospects." Pl.'s Compl., p. 14, ¶ 52. Defendants argue plaintiff's claim is preempted by SLUSA.

In order for a claim to fall within SLUSA's preemptive scope, the following four criteria must be satisfied:

> (1) the action is a "covered class action" under SLUSA,
>
> (2) the action purports to be based on state law,
>
> (3) the defendant is alleged to have misrepresented or omitted a material fact (or to have used or employed any manipulative or deceptive device or contrivance), and
>
> (4) the defendant is alleged to have engaged in conduct described by criterion (3) "in connection with" the purchase or sale of a "covered security."

<u>Green v. Ameritrade, Inc.</u>, 279 F.3d 590, 596 (8th Cir. 2002). Here, the face of the complaint makes clear that the action is based on

---

§77p(b) & (c).

Delaware law.  It is also clear from the face of the complaint that defendants are alleged to have misrepresented or omitted a material fact.  The parties dispute whether this is a "covered class action" and whether defendants' alleged misconduct occurred "in connection with" the purchase or sale of a covered security.  However, even if the Court were to determine that this matter falls within the general preemptive scope of SLUSA, the parties also dispute whether plaintiff's claim is preserved by the "Delaware carve-out" exemption codified at 15 U.S.C. §77p(d)(1).  Thus, for purposes of this order the Court will assume without deciding that this matter is a "covered class action" and that defendants' alleged misconduct occurred "in connection with" the purchase or sale of a covered security.  The critical issue, then, is whether plaintiff's claim is preserved by the Delaware carve-out.

The Delaware carve-out provides that "a covered class action . . . that is based upon the statutory or common law of the State in which the issuer is incorporated (in the case of a corporation) . . . may be maintained in a State or Federal court by a private party." 15 U.S.C. §77p(d)(1)(A).  In the case at bar it is undisputed that plaintiff's claim is based on Delaware law, the state of May's incorporation.  The dispute between the parties is whether the Delaware carve-out contains a venue limitation.  Defendants maintain that in order for the carve-out to apply the suit must be brought in the courts of the state of incorporation.

To reach this conclusion, defendants urge the Court to read an ambiguity into the statute and turn to the legislative history. Defendants cite a footnote in the House Conference Report which states:

> The legislation provides for certain exceptions for specific types of actions. The legislation preserves State jurisdiction over (1) certain actions that are based upon the law of the State in which the issuer of the security in question is incorporated, [FN2] . . .
>
> > [FN2] It is the intention of the managers that the suits under this exception be limited to the state in which the issuer of the security is incorporated.

H.R. Conf. Rep. No. 105-803, at 13-14, n. 2 (1998). Defendants also point to the following statement in the Senate Banking Committee Report:

> [T]he Committee expressly does not intend for suits excepted under this provision to be brought in venues other than the issuer's state of incorporation.

S. Rep. No. 105-182, at 6 (1998). In the case at bar, however, defendants' appeal to the legislative history is unavailing.

"When a statute is plain and unambiguous, as [SLUSA] is, the courts cannot resort to legislative history to interpret it." Contract Freighters, Inc. v. Dep't of Transportation, 260 F.3d 858, 862 (8th Cir. 2001). See also Davis v. Michigan Dep't of Treasury, 489 U.S. 803, 808, n.3 (1989) ("Legislative history is irrelevant to the interpretation of an unambiguous statute.") Here, the plain language of the statute states that a preserved class action may be "maintained in **a** State or Federal court by a private party." Id.

(emphasis added).  The statute contains no limitation that preserved actions can be maintained *only* in the state of incorporation.  The Court finds nothing in the language of the statute susceptible to clarification or interpretation by either the House Conference or Senate Banking Committee Reports.  Other United States District Courts faced with this issue have similarly held.  See <u>Gibson v. PS Group Holdings, Inc.</u>, 2000 WL 777818, *6 (S.D.Cal. 2000) ("Had Congress intended to impose a restriction on the venue of actions preserved by the Delaware carve-out, it could have done so in the language of the statute.  This it did not do.") Thus, the Court finds that the Delaware carve-out is unambiguous and applicable to this case.

The carve-out provides that "[i]n an action that has been removed from a State court . . ., if the Federal court determines that the action may be maintained in State court pursuant to this subsection, the Federal court shall remand such action to such State court."  15 U.S.C. §77p(d)(4).  Therefore, the Court will grant plaintiff's motion and remand this action to the Circuit Court for the City of St. Louis.  Defendants' motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #5] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand [Doc. #10] is granted and this action is remanded to the Circuit Court for the City of St. Louis.

**IT IS FURTHER ORDERED** that plaintiff's motion to expedite ruling [Doc. #16] is denied as moot.

Dated this  28th   day of June, 2005.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE